UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
ROBERT E. FALKENSTEIN, JR.,    )
                               )
          Plaintiff,           )
                               )
     v.                        )   Case No. 12-2000(EGS)
                               )
                               )
UNITED STATES DEPARTMENT OF    )
HOUSING AND URBAN DEVELOPMENT, )
                               )
          Defendant.           )
_____)
```

**<u>MEMORANDUM OPINION</u>**

Plaintiff Robert E. Falkenstein, proceeding pro se, filed this Freedom of Information Act ("FOIA") case against defendant U.S. Department of Housing and Urban Development ("HUD"). Pending before the Court is defendant's motion for summary judgment, filed on April 12, 2013. On May 8, 2013 the Court ordered Plaintiff to respond to Defendant's Motion by no later than June 10, 2013, and warned plaintiff that his failure to respond by the deadline could result in dismissal of his case. Plaintiff never responded to the motion. Upon consideration of the parties' pleadings, the relevant law, and the entire record herein, the motion is **GRANTED**.[1]

---

[1] Plaintiff has conceded the motion by failing to oppose it; however, the 2010 amendments to Federal Rules of Civil Procedure direct that courts "should state on the record the reasons for granting or denying [the summary judgment] motion." Fed. R. Civ. P. 56(a); *see also Grimes v. Dist. of Columbia*, 464 Fed.

**I.   BACKGROUND**

Unless otherwise noted, the following facts are taken from the Complaint and from Defendant's Statement of Undisputed Material Facts, which is supported by citations to the Declaration of Deborah R. Snowden, Chief of the FOIA Branch at HUD, as well as the accompanying *Vaughn* index and exhibits.  By failing to respond to the motion for summary judgment, plaintiff has failed to demonstrate the presence of disputed facts, or to otherwise address the defendant's assertion of facts as required by Federal Rule of Civil Procedure 56(c).  Accordingly, the Court accepts the defendant's assertion of facts as undisputed for the purposes of the motion, pursuant to Federal Rule of Civil Procedure 56(e)(2).  *See also* Fed. R. Civ. P 56(e) advisory committee notes (2010 Amendment) (noting that Rule 56(e)(2) "authorizes the court to consider a fact undisputed for purposes of the motion when response or reply requirements are not satisfied.")

This case involves three FOIA requests made by Plaintiff. First, on October 20, 2011, HUD received a FOIA request from Plaintiff for records relating to a 2011 performance review report regarding the National Council of LaRaza ("NCLR"), and/or

---

Appx. 3 (D.C. Cir. Mar. 2, 2012).  This Circuit has not directly addressed the District Courts' obligations under the amended Rule where, as here, the motion is completely unopposed, *see Grimes*, 464 Fed. Appx. 3; nevertheless, the reasons for granting the motion are set forth here.

its affiliate Centro De Apoyo Familiar ("CAF"). Specifically, plaintiff sought NCLR's and CAF's written response to the performance review and any subsequent communication between HUD, NCLR and CAF regarding the performance review. On July 12, 2012, HUD provided plaintiff with 53 pages of responsive documents, some of which was redacted under Exemptions (b)(4) and (b)(6). Plaintiff appealed, asserting the agency's response was incomplete in one respect: because it did not provide HUD's response to correspondence from NCLR dated December 9, 2011. HUD processed the appeal and agreed with plaintiff; on September 28, 2012, it sent the requested letter to plaintiff in full. Upon being served with the Complaint in this case, HUD learned that plaintiff had not received the letter; accordingly, on January 15, 2013, HUD, via the Department of Justice, provided the letter to plaintiff.

   Plaintiff's second request was also received by HUD on October 20, 2011. Plaintiff requested HUD's last two intermediary performance reviews of NCLR, including information regarding NCLR's quality control plans used to monitor the performance of NCLR's sub-grantees. Although Plaintiff and various personnel within HUD corresponded regarding the FOIA request, HUD did not provide documents to plaintiff until he filed this lawsuit. Plaintiff's request was ultimately routed to HUD's Office of Housing. The FOIA specialist in that office

3

identified the Office of Housing Counseling Division as the appropriate office to respond to plaintiff's request.  The Director and Deputy Director of that division conducted a search of division files.  Subsequently, on February 4, 2013, HUD provided all responsive documents to the second request, with some redactions under Exemptions b(4) and b(6).

On September 26, 2013, plaintiff filed his third FOIA request, seeking all documentation and/or communication regarding the delay in processing his second request.  Plaintiff filed this request via HUD's website, but it was not received by HUD and therefore not assigned a control number.  HUD was not aware of plaintiff's third request until this case was filed.  Upon learning of the request, HUD's Office of the Executive Secretariat performed a search of FOIA Express, the software system used to track FOIA requests, as well as a search of the email of Deirdra Jenkins, the FOIA processor who processed plaintiff's second FOIA request.  On March 4, 2013, the government provided plaintiff with a report from FOIA Express and eleven emails.  No redactions were made.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R.

4

Civ. P. 56.  In a FOIA case, the burden of proof is always on the agency to demonstrate that it has fully discharged its obligations under the FOIA.  *See Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989).

An agency from which information has been requested must undertake a search that is "reasonably calculated to uncover all relevant documents."  *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  "[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).  The Court applies a "reasonableness test to determine the adequacy of search methodology." *Campbell v. Dep't of Justice*, 163 F.3d 20, 27 (D.C. Cir. 1998).  The agency must demonstrate that it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Fischer v. Dep't of Justice*, 596 F. Supp. 2d 34, 42 (D.D.C. 2009) (citations omitted).  Agency affidavits are afforded a "presumption of good faith" and an adequate affidavit can be rebutted only with evidence that the agency's search was not made in good faith.  *Defenders of Wildlife v. Dep't of the Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004).  Courts routinely find that delays in responding to FOIA requests are not, in and

5

of themselves, indicative of agency bad faith. *See, e.g.*, *Iturralde*, 315 F.3d at 315 ("initial delays in responding to a FOIA request are rarely, if ever, grounds for discrediting later affidavits by the agency"); *Fischer*, 723 F. Supp. 2d 104, 108-09 (D.D.C. 2010) (rejecting argument that agency's failure to produce documents until after litigation commenced evidenced agency's bad faith).

FOIA's "strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). The government may satisfy its burden of establishing its right to withhold information from the public by submitting appropriate declarations and, where necessary, an index of the information withheld. *See Vaughn v. Rosen*, 484 F. 2d 820, 827-28 (D.C. Cir. 1973). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *ACLU v. Dep't of the Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011); *see id.* (agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible).

**III. DISCUSSION**

Defendant's summary judgment motion, which has not been opposed by Plaintiff, should be granted. Defendant properly relies on a detailed declaration that demonstrates the adequacy of the searches for plaintiff's FOIA requests. HUD states that based on plaintiff's first and second requests regarding NCLR and its affiliates and sub-grantees, it identified the Office of Housing, Counseling Division, as the office most likely to have responsive records. *See generally* Snowden Decl. HUD further states that based on plaintiff's third request regarding the delay in processing the second request, it identified the Office of Executive Secretariat as the most likely to have responsive records. *Id.* It sets forth the individuals tasked with searching and the processes undertaken to search for documents in these offices. *Id.* Plaintiff has filed no opposition and accordingly has not attempted to rebut the presumption of good faith to which the agency declaration is entitled. The Court thus finds that the searches described by HUD could be "reasonably expected to produce the information requested and were therefore adequate." *See Fischer*, 596 F. Supp. 2d at 43.

The agency has likewise met its burden to show that Exemptions 4 and 6 apply to the information it withheld in

7

response to Plaintiff's second FOIA request.[2] Exemption 4 exempts from disclosure information that is (1) commercial or financial, (2) obtained from a person, and (3) privileged or confidential. 5 U.S.C. § 552(b)(4). Where, as here, the submission of the information was compelled, it is exempt from disclosure if disclosure "would be likely either (1) to impair the government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." *McDonnell Douglas Corp. v. NASA*, 180 F.3d 303, 305 (citations omitted).

In this case, the government has submitted a declaration as well as a *Vaughn* index describing each document from which information was withheld, detailing the information which was withheld, and explaining the basis for withholding. See Snowden Decl.; see also *Vaughn* Index of Redacted Documents at 3-4. The affidavit and *Vaughn* Index provided by HUD indicate that the

---

[2] HUD withheld certain information from its response to Plaintiff's first request as well, also citing Exemptions 4 and 6. Plaintiff did not appeal the use of the exemptions, however; he only appealed HUD's failure to provide its response to correspondence from NCLR dated December 9, 2011. See Compl. ¶¶ 13-18; Snowden Decl. ¶¶ 10-13. Accordingly, because plaintiff did not exhaust his administrative remedies as to the use of Exemptions 4 and 6, he cannot seek judicial review. *Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986) (holding that it is possible to exhaust administrative remedies with respect to one aspect of a FOIA request but not to another aspect).

information withheld concerns the private funding and financial statements of CAF and NCLR, release of which would cause substantial competitive harm to NCLR. HUD's justification for withholding is "logical or plausible," and plaintiff has provided no argument to the contrary. *ACLU v. Dep't of the Defense*, 628 F.3d at 619. Accordingly, the government has satisfied its burden to justify withholding information under Exemption 4.

Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). A determination of proper withholding under Exemption 6 proceeds in two stages. First, the Court determines if the information is subject to protection, specifically, whether the information is contained in a personnel, medical, or similar file, and if so, whether "disclosure would compromise a substantial, as opposed to a *de minimis*, privacy interest." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989). If a substantial privacy interest is at stake, the Court "weigh[s] the privacy interest in nondisclosure against the public interest in the release of records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." *Lepelletier v. FDIC*,

164 F.3d 37, 46 (D.C. Cir. 1999) (internal quotation marks omitted).

Again, the government has submitted a declaration as well as a *Vaughn* index describing each document from which information was withheld, detailing the information which was withheld, and explaining the basis for withholding. See Snowden Decl.; see also *Vaughn* Index of Redacted Documents at 1-2. The affidavit and *Vaughn* Index provided by HUD indicates that the information withheld consists of the names of private citizens, most appearing to be in conjunction with either (1) personnel matters relating to individuals employed by NCLR or CAF, or (2) personal finance matters relating to individuals served by NCLR or CAF who are attempting to get out of debt or foreclosure or to improve their credit. *Id.* This type of information implicates substantial privacy interests pursuant to Exemption 6, and the Court is not aware of any public interest in disclosure of the names, nor has plaintiff indicated that any exists. Accordingly, the government has satisfied its burden to justify withholding information under Exemption 6.

Finally, the Court has an affirmative duty to consider HUD's segregation of releasable from withheld material. *See Trans-Pac. Policing Agreement v. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999). It is the government's burden to demonstrate that all reasonably segregable information has been

released. *Army Times Publ'g Co. v. Dep't of Air Force*, 998 F.2d 1067, 1068 (D.C. Cir. 1993). The government can meet is burden through a combination of the Vaughn Index and agency affidavits. *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). The Court's review of the Snowden Declaration and the Vaughn index establishes that no segregability problem exists in this case. The documents have careful and pinpointed redactions of names and financial information; the remaining information has been released. This "easily clears the required hurdle." *Braga v. FBI*, 910 F. Supp. 2d 258, 262 (D.D.C. 2012).

**IV. CONCLUSION**

For the foregoing reasons, the Defendant's unopposed Motion for Summary Judgment is **GRANTED**. An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan
            United States District Judge
            July 11, 2013**